IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANDRE WALKER, : 
        Petitioner, :
         :
v. :   Civil Action No. 16-678-CFC
         :
DANA METZGER, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
         :
        Respondents.[1] :

---

Andre Walker. *Pro se* Petitioner.

Maria T. Knoll, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**[2]

August 26, 2019
Wilmington, Delaware

---

[1]Warden Dana Metzger replaced former warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

[2]This case was originally assigned to the Honorable Gregory M. Sleet, and was re-assigned to the undersigned's docket on September 20, 2018.

CONNOLLY, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Andre Walker's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and his Amended Petition (hereinafter referred to as "Petition"). (D.I. 3) The State filed an Answer in opposition. (D.I. 12) For the reasons discussed, the Court will deny the Petition.

I. **FACTUAL BACKGROUND**

In November 2010, a Delaware Superior Court jury found Petitioner guilty of first degree robbery, possession of a deadly weapon during the commission of a felony ("PDWDCF"), two counts of aggravated menacing, and resisting arrest. *See State v. Walker*, 2013 WL 285737, at *1 (Del. Super. Ct. Jan. 24, 2013). The Superior Court sentenced Petitioner as a habitual offender on January 21, 2011 to a total non-suspended period of life imprisonment, plus five years. (D.I. 12 at 1) Petitioner filed a motion for reduction of sentence on January 28, 2011, which the Superior Court denied on February 17, 2011. (D.I. 12 at 1-2) The Delaware Supreme Court affirmed Petitioner's convictions and sentences on September 6, 2011. *See Walker v. State*, 27 A.3d 552 (Table), 2011 WL 3904991, at *3 (Del. Sept. 6, 2011).

In January 2012, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on April 8, 2013. (D.I. 12 at 2) On post-conviction appeal, the Delaware Supreme Court reversed the Superior Court's decision and remanded Petitioner's case to the Superior Court with instructions to appoint counsel for Petitioner. *See Walker v. State*, 69 A.3d 372 (Table) 2013 WL 3355899, at *1 (Del. June 28, 2103).

On November 17 2014, with the assistance of counsel, Petitioner filed an amended Rule 61 motion. (D.I. 12 at 2) The Superior Court denied the amended Rule 61 motion June 8, 2015, and the Delaware Supreme Court affirmed that decision on May 2, 2016. *See State v. Walker*, 2015 WL 3654806, at *4-5 (Del. Super. Ct. June 8, 2015); *Walker v. State*, 138 A.3d 476 (Table), 2016 WL 2654347 (Del. May 2, 2016).

Thereafter, Petitioner filed a motion for sentence modification on July 5, 2016. (D.I. 12 at 3) The Superior Court denied that motion on July 14, 2016. *Id.*

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be

2

granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III.  DISCUSSION

Petitioner's timely-filed Petition asserts the following three ineffective assistance of counsel claims: (1) defense counsel improperly permitted Petitioner to appear before the jury in prison clothing during the trial; (2) defense counsel failed to request a proper first degree robbery jury instruction that conformed with Delaware law; and (3) defense counsel failed to appeal the denial of Petitioner's motion for judgment of acquittal. (D.I. 3) Petitioner presented these claims in his Rule 61 motion filed with the Superior Court, which denied the arguments as meritless. Petitioner presented the same three claims to the Delaware Supreme Court on post-conviction appeal, and the Delaware Supreme Court affirmed the Superior Court's denial of the arguments "on the basis of and for the reasons assigned by the Superior Court." *Walker*, 2016 WL 2654347 at *1. Given these circumstances, Claims One, Two, and Three will only warrant relief if the Superior Court's decision was either contrary to, or an unreasonable application of, clearly established federal law.[3]

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *See Strickland*, 466 U.S. at 688. Under the second *Strickland*

---

[3]The Court will reference the Superior Court's decision rather than the Delaware Supreme Court's decision because the Delaware Supreme Court adopted the Superior Court's reasoning.

4

prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.*

Finally, in order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that the representation was professionally reasonable. *See Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Superior Court correctly identified the *Strickland* standard applicable to Petitioner's ineffective assistance of counsel allegations. Consequently, the Superior Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court's inquiry is not over, however, because it must also determine if the Superior Court reasonably applied the *Strickland* standard to the facts of Petitioner's case. When performing this inquiry, the Court must review the Superior Court's decision with respect to Petitioner's ineffective assistance of counsel claims through a

"doubly deferential" lens.[4] *Richter*, 562 U.S. at 105. Notably, when § 2254(d) applies, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

### A. Claim One: Defense Counsel Improperly Permitted Petitioner to Appear at Trial in Prison Clothing and Failed to Request Cautionary Instruction

In Claim One, Petitioner contends that defense counsel was ineffective for allowing Petitioner to appear before the jury in prison clothing and for failing to request a cautionary instruction about his attire. The Superior Court rejected this argument in Petitioner's Rule 61 proceeding after determining that Petitioner had not suffered a constitutional violation as a result of wearing his prison attire before the jury. Citing Delaware precedent which, in turn, cites *Estelle v. Williams*, 425 U.S. 501, 512 (1976),

---

[4]As explained by the *Richter* Court,
> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

*Richter*, 562 U.S. at 105 (internal citations omitted).

6

the Superior Court explained that Petitioner was not forced to appear at trial in prison clothing and there was no evidence in the record that Petitioner requested civilian clothes or made other arrangements for civilian clothing. *See Walker*, 2015 WL 3654806, at *2 (citing *Smith v. State*, 2009 WL 1659873 (Del. June 15, 2009)). Then, after referring to defense counsel's Rule 61 affidavit explanation that he did not request a cautionary instruction because Petitioner had been guarded by two correctional officers throughout the trial and counsel did not want to draw further attention to Petitioner's custody status, the Superior Court held that defense counsel's decision not to ask for a cautionary instruction regarding Petitioner's attire was part of a reasonable trial strategy.

In *Estelle*, the Supreme Court explained that "courts have refused to embrace a mechanical rule vitiating any conviction, regardless of the circumstances, where the accused appeared before the jury in prison garb." *Estelle*, 425 U.S. at 508. However, compelling a criminal defendant to appear at trial in prison attire against his will violates the defendant's right to a fair trial and impairs the presumption of innocence. *Id.* The Supreme Court explained the "reason for this judicial focus upon compulsion" on the fact that "instances frequently arise where a defendant prefers to stand trial before his peers in prison garments." *Id.* at 508. The Supreme Court also noted that "it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." *Id.* Notably, "the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* at 512-13.

7

As an initial matter, the Court concludes that the Superior Court reasonably determined the facts in finding that Petitioner was not compelled to wear prison clothing at trial. For instance, in this proceeding, Petitioner does not allege, and the record does not reflect, that he objected to appearing before the jury in prison clothing at any time. Additionally, according to defense counsel's Rule 61 affidavit, petitioner never requested to wear civilian clothing and nobody provided alternative clothing for Petitioner. Based on this factual determination, the Court further concludes that the Superior Court reasonably applied *Estelle* in determining that Petitioner's right to a fair trial was not violated by his appearing before the jury in his prison attire since he was not compelled to wear that attire.

In turn, the Superior Court reasonably applied *Strickland* in rejecting Petitioner's related ineffective assistance of counsel claim. Notably, Petitioner has failed to provide anything other than conclusory assertions to rebut the Superior Court's determination that defense counsel's conduct constituted sound trial strategy. He also has failed to demonstrate a reasonable probability that the outcome of his trial would have been different if he had worn street clothing or if defense counsel had requested a cautionary instruction about his appearing in court in prison clothing. Accordingly, the Court will deny Claim One for failing to satisfy § 2254(d).

### B. Claim Two: Defense Counsel's Failure to Request Jury Instruction for First Degree Robbery

The record of Petitioner's trial established the following facts:

> [Petitioner] [] approached a cashier in the garden center of a Home Depot store on May 13, 2010 with a bucket and a hatchet. After the cashier rang up the items, [Petitioner]

8

> grabbed the cashier and held up the hatchet, ordering the cashier to open the register. He then struck the cashier in the head with the flat side of the hatchet and then used the blade to break open the register. [Petitioner] grabbed several hundred dollars from the register and then ran to the parking lot, where he threatened several other store patrons with the hatchet before fleeing. Shortly thereafter, [Petitioner] was apprehended by police officers several blocks away from the store with the hatchet in his hand and $373 in his pocket. [Petitioner] attempted to flee and struggled with police as they tried to arrest him. Several eyewitnesses testified at trial, including the cashier who suffered a concussion, and positively identified [Petitioner] as the man with the hatchet.

*Walker*, 2011 WL 3904991, at *1.

In Claim Two, Petitioner argues that defense counsel was ineffective for failing to request a "proper" jury instruction for the charge of first degree robbery, namely, an instruction to the effect that a person who "is only forced to watch a theft or a robbery from another person and who is not otherwise involved is not a robbery victim." (D.I. 3 at 7) Petitioner appears to rely upon *State v. Bridgers*, 988 A.2d 939, 944 (Del. Super. Ct. 2007) and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. Jul. 16, 2010) to support his argument that the cashier in his case was only a bystander because Petitioner, and not the cashier, removed the money from the cash register drawer. (D.I. 3 at 24-27) The Superior Court denied Claim Two for failing "the first prong of *Strickland*" after determining that *Bridgers* and *Owens* were inapplicable to Petitioner's case. *Walker*, 2015 WL 3654806, at *3.

In Delaware, a person commits first degree robbery by using or threatening force against another person, while committing theft, with the intent to prevent resistance to the taking of the property. *See* 11 Del. Code § 832. The issue in *Bridgers* was whether

9

"any person threatened during a bank robbery is a robbery victim, even if he or she is merely a bystander." *Bridgers*, 988 A.2d at 940. Distinguishing between bystanders, bank customers present during an armed robbery, and victim bank employees who were forced at gunpoint to relinquish the bank's money, the *Bridgers* Court clarified that "anyone from whom property is taken by threat or force and anyone actively involved during a theft-in-progress, such as an arresting officer or a pursuing homeowner, may be a robbery victim," but "someone who is merely a threatened bystander has not been robbed." *Bridgers*, 988 A.2d at 944. In *Owens*, the Delaware Superior Court applied the reasoning from *Bridgers* and held that a customer service representative who had been confined to her office during a bank robbery was not a victim of the robbery, because no property had actually been taken from her. *See Owens*, 2010 WL 2892701, at *9.

When the Superior Court denied the instant argument in Petitioner's Rule 61 proceeding, it explained that Petitioner's reliance on *Bridgers* and *Owens* was misplaced, because the cashier attacked by Petitioner did not fit within *Bridgers'* definition of a bystander and "the money in the cash register was taken from [the victim] with the use of force." *See Walker*, 2015 WL 3654806, at *3. The Superior Court also referred to defense counsel's Rule 61 affidavit, agreeing with defense counsel's statement "that there was no basis in fact upon which [counsel] could request the lesser included offense of Aggravated Menacing," and that the same absence of a factual basis demonstrated that that jury was not improperly instructed on the first degree robbery charge. *Walker*, 2015 WL 3654806, at *3. The Superior Court ultimately

10

rejected the instant ineffective assistance argument, noting that defense counsel's "decision not to seek an instruction on the lesser included offense based on the available facts was sound trial strategy," and "[c]ounsel's choice not to request that the jury be instructed properly on robbery first degree and decision not to request an instruction on the lesser included offense of aggravated menacing did not fall below an objective standard of reasonableness." *Walker*, 2015 WL 3654806, at *3.

After reviewing the record, the Court concludes that the Superior Court's denial of Claim Two does not warrant relief. To begin, the Superior Court reasonably determined the facts based on the evidence adduced in the trial when it concluded that there was no factual basis for Petitioner's assertion that the trial court provided an improper first degree robbery instruction and also reasonably determined the facts when it determined that there was no factual basis for requesting an instruction for aggravated menacing. This determination is further supported by the Delaware Supreme Court's conclusion on direct appeal there was no "plain error with respect to the instruction given on first degree robbery." *Walker*, 2011 WL 3904991, at *4.

Since there was no factual basis for Petitioner's assertion that the first degree robbery instruction was improper or for his assertion that counsel should have requested an aggravated menacing instruction, the Superior Court reasonably applied *Strickland* in holding that defense counsel did not perform deficiently in the manner alleged by Petitioner. The Court notes that Petitioner's failure to provide any Delaware caselaw invalidating the first degree robbery jury instruction given in this case provides an additional roadblock in Petitioner's attempt to satisfy the deficient performance prong

of *Strickland*. For all of these reasons, the Court will deny Claim Two for failing to satisfy § 2254(d).

### C. Claim Three: Failure to Appeal Denial of Motion for Judgment of Acquittal

At the end of Petitioner's trial, defense counsel presented a motion for judgment of acquittal arguing that the State failed to meet its burden on the first degree robbery charge by failing to show that Petitioner "used force to cause [the victim] to deliver up property which is a necessary element of the offense." (D.I. 15-5 at 87- 88) The Superior Court denied the motion after determining that there was sufficient evidence to go the jury on the charge. *Id*.

On direct appeal, Petitioner's appellate counsel filed a motion to withdraw along with a Rule 26(c) non-merit appellate brief, and gave Petitioner an opportunity to provide arguments he wanted the Delaware Supreme Court to consider. Petitioner provided appellate counsel with several arguments to present on appeal, including an argument that the Superior Court erred in denying his motion for judgment of acquittal. The Delaware Supreme Court rejected all of Petitioner's appellate arguments, and affirmed his convictions and sentences.

In his Rule 61 motion, Petitioner argued that appellate counsel provided ineffective assistance by failing to file a "non-frivolous" appeal. The Superior Court denied the argument, explaining:

> appellate counsel made a conscientious effort to examine the record and the law and . . . properly determined that [Petitioner] could not raise a meritorious claim on appeal. There is no evidence to suggest to this Court that appellate counsel acted unreasonably by not raising the previously

12

> denied motion for judgment of acquittal as an issue on appeal. [Petitioner] has failed to show that appellate counsel's actions fell below an objective standard of reasonableness. Accordingly, [Petitioner's] third claim fails the first prong of *Strickland*.

*Walker*, 2015 WL 3654806, at *4.

Now, in Claim Three of this proceeding, Petitioner re-asserts his argument that appellate counsel was ineffective for failing to challenge the denial of his motion for judgment of acquittal in a "non-frivolous" appeal. (D.I. 3 at 8) Since Petitioner's *pro se* argument regarding the motion for acquittal was actually presented to the Delaware Supreme Court on direct appeal (and denied), the Court liberally construes Petitioner's argument to be that appellate counsel was ineffective for filing a Rule 26(c) non-merit appellate brief and a motion to withdraw. For the following reasons, Claim Three is unavailing.

Claims of ineffective assistance of appellate counsel are evaluated under the same *Strickland* standard applicable to trial counsel. *See Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). An attorney's decision about which issues to raise on appeal is strategic, and an attorney is not required to raise every possible non-frivolous issue on appeal. *See Smith v. Robbins*, 528 U.S. 259, 272 (2000); *Jones v. Barnes*, 463 U.S. 745 (1983). Recognizing that an attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal," the Supreme Court has held that an attorney may withdraw from representing a client on appeal, so long as the attorney follows a procedure that "affords adequate and effective appellate review to [the] indigent defendant[]" and therefore "reasonably ensures that an indigent appeal will be resolved

13

in a way that is related to the merit of that appeal." *Smith*, 528 U.S. at 272, 276-77. In *Anders v. California*, 386 U.S. 738 (1967),[5] the United States Supreme Court articulated a procedure designed to protect an indigent appellant's constitutional rights when his attorney moves to withdraw. Pursuant to *Anders*, appellate counsel must conduct a "conscientious examination" of the case before seeking to withdraw from the case, and then file an appellate brief "referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. The defendant must be given a copy of counsel's brief and given an opportunity to raise any points he wishes. *Id.* Then, the appellate court must conduct a "full examination of all the proceedings to decide whether the case is wholly frivolous." *Id.* "If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied." *Id.* at 741-42; *McCoy v. Ct. App. of Wisconsin, Dist. 1*, 486 U.S. 429, 442 (1988). In Delaware, motions to withdraw from representing an appellant are governed by Delaware Supreme Court Rule 26(c) which, in turn, is modeled on the procedure set forth in *Anders*. *See* Del. Sup. Ct. R. 26, Committee Comment.

The record in Petitioner's case reveals that counsel followed the proper procedure for withdrawal under Rule 26, and therefore, he also followed the proper withdrawal procedure articulated in *Anders*. For example, appellate counsel thoroughly reviewed the record and determined that there were no meritorious appellate claims. Counsel then advised Petitioner of that finding, and timely filed a Rule 26(c) non-merit

---

[5]Although the *Smith* Court acknowledged that there may be procedures other than the one articulated in *Anders*, *Anders* is still good law. *Smith*, 528 U.S. at 273.

14

appellate brief on Petitioner's behalf that included the claims Petitioner wished to raise. Finally, the Delaware Supreme Court conducted its own independent review of the record, determined that counsel made a conscientious examination of the record before moving to withdraw, and concluded that Petitioner's appeal was "wholly without merit and devoid of any arguably appealable issue." *Walker*, 2011 WL 3904991, at *3. Given these circumstances, the Court concludes that appellate counsel did not provide ineffective assistance by filing a Rule 26(c) non-merit appellate brief and a motion to withdraw. Accordingly, the Court will deny Claim Three.

## IV. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner's habeas Petition must be denied. Reasonable jurists would not find this Court's assessment of Petitioner's constitutional claims to be debatable or wrong. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## V. CONCLUSION

For the foregoing reasons, the Court will deny the instant Petition. An appropriate Order will be entered.